IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH E. MATHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-38-ECM-CWB |
| ) | |
| RICK SUTTON, CEO, ) | |
| SOUTHEAST HEALTH, ) | |
| ) | |
| Defendant. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Joseph Mathews, who is proceeding *pro se*, filed this action on January 15, 2020 against Defendant Rick Sutton, CEO of Southeast Health. (Doc. 1). Plaintiff simultaneously filed a motion to proceed *in forma pauperis*. (Doc. 2). On January 29, 2020, the court granted Plaintiff *in forma pauperis* status and ordered the clerk to defer service of process pending preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 7).[1]

Upon such review, Plaintiff was ordered to "file an amended complaint on or before August 31, 2020, that complies with the Rules 8, 10, and 11 of the Federal Rules of Civil Procedure... ." (Doc. 8 at p. 8). The court's August 17, 2020 Order provided the following specific parameters in that regard:

    a.    The amended complaint must include a short and plain statement of plaintiff's claim, and identify the federal cause(s) of action under which plaintiff bring his claim(s), or allege sufficient facts to support diversity jurisdiction.

---

[1] Section 1915(e) provides in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

    b.    The amended complaint must contain specific factual allegations about defendant's conduct (i.e. what actions did defendant take that constitute the violation being alleged in plaintiff's claim?), clearly indicating which specific factual allegations provide support for plaintiff's claim(s) and noting the relevant date of all such actions.

    c.    The amended complaint must include clear allegations of fact which show that plaintiff is entitled to relief under federal law.

    d.    The amended complaint must allege facts which would establish that venue is proper in the Middle District of Alabama.

    e.    The amended complaint must be set out in numbered paragraphs, each limited, as far as practicable, to a specific set of circumstances.

(Doc. 8 at p. 8). The Order also informed Plaintiff of the essential elements for pleading a claim under the Americans with Disabilities Act (the "ADA"). (*Id*. at pp. 6-8).

Plaintiff subsequently filed an Amended Complaint on September 1, 2020. (Doc. 9). However, the Amended Complaint consisted only of the following averments:

    A.    Plaintiff clames that the Defendant south East Health Violated Civil rights law ADA 1990 By Terminateing the plaintiff employment wile on disable status.

    B.    The plaintiff returned to work on light duty and was assigned unrealistic work schedule to get plaintiff to Quit when that failed South East Health ternaminted Plaintiff.

    C.    The Plainitiff is a reident of south East Alabama The EEOC direction under fedral law that The middle District of Alabama is the proper venue.

(*Id*.).[2] Having reviewed the amended averments, the court concludes that dismissal of this action is appropriate.

---

[2] The August 17, 2020 Order expressly cautioned that "[o]nce a complaint is amended, the only issues before the court are those raised in the amended document, and plaintiff will not be permitted to rely upon or to incorporate their prior pleadings by reference." (Doc. 8 at p. 8). *See also Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (internal quotation marks and citation omitted).

When reviewing a complaint for potential viability, a court must determine whether the well-pleaded factual allegations "'plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plausibility requires inclusion of factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). "[C]omplaints ... must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n. 2 (11th Cir. 2010) (citations and internal quotation marks omitted). And although a court should construe *pro se* pleadings liberally, it "may not act as *de facto* counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.'" *Porter v. Duval Cnty. Sch. Bd.*, 406 F.App'x. 460, 462 (11th Cir. 2010) (citation omitted).

Here, the Amended Complaint invokes the ADA. (Doc. 9). A plaintiff asserting a claim of employment discrimination under the ADA must show that he: (1) suffered an adverse employment action; (2) had a disability at the time the alleged adverse employment action occurred; (3) was a qualified individual; and (4) was subjected to unlawful discrimination because of his disability. *See, e.g., Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014) (citing *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007)). The court finds that the Amended Complaint does sufficiently allege an adverse employment action, *i.e.,* unfair scheduling and termination. Giving the Amended Complaint its most generous possible interpretation, the court might even find that Plaintiff has sufficiently alleged being under a disability at all relevant times. Nonetheless, it is clear that Plaintiff has not alleged that he was a "qualified individual" capable of performing the essential duties of his position with or without an accommodation. *See Davis v. Fla. Power & Light Co.,* 205 F.3d 1301, 1305 (11th Cir. 2000)

(explaining that a "'qualified individual with a disability' is an 'individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'") (quoting 42 U.S.C. § 12111(8)). The court's August 17, 2020 Order both informed Plaintiff that he must show himself as being a "qualified individual" and provided Plaintiff the corresponding definition. (Doc. 8 at p. 7). With nothing alleged in the Amended Complaint to satisfy that necessary pleading requirement, the court finds that dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is warranted for failure to state a claim.

Equally problematic is the absence of any reference in the Amended Complaint to an exhaustion of administrative remedies. "Timely filing a charge of discrimination is a prerequisite to bringing suit under … the ADA." *Maynard v. Penumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001). *See also Zillyette v. Capital One Fin. Corp.,* 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964."). That generally requires "an ADA plaintiff [to] file a charge complaining about an allegedly unlawful employment practice … with the EEOC within 180 days of the employment practice." *Maynard*, 256 F.3d at 1262. "Once the EEOC dismisses the charge and notifies the plaintiff of [his] right to sue, the plaintiff has 90 days in which to file suit on [his] claims in district court." *Abram v. Fulton County Government*, 598 F.App'x 672, 674 (11th Cir. 2015). The burden falls squarely upon an ADA plaintiff to plead and prove that these hurdles have been cleared. *Maynard*, 256 F.3d at 1262. Because nothing in the record suggests that Plaintiff timely pursued administrative remedies with the EEOC and received a right-to-sue letter, the court finds that this action is due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Burnett v. City of Jacksonville, FL,* 376 F.App'x 905, 906-07 (11th Cir. 2010) (a plaintiff must allege satisfaction of conditions precedent).

4

Accordingly, for the reasons set forth above, the undersigned Magistrate Judge hereby RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, by October 19, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 5th day of October 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**